IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARBARA GANS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 23-1616 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| CENTURY III KIA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Plaintiff's "Notice of Service" (Doc. 6) will be stricken. The draft summonses identify the wrong court (the Eastern District of Pennsylvania), and they have not been presented to this Court's Clerk of Court for signature and affixation of the Court seal. In addition, the submissions indicate that service was attempted by certified mail, which is insufficient under Federal Rule 4. Warren v. Donegal Mut. Ins. Co., 2023 WL 3260727, *3 (M.D. Pa. May 4, 2023) (citations omitted).

The Court also notes that the purported summonses are marked returnable to "Atara Tucker," not Plaintiff. The public record does not identify Atara Tucker as a licensed attorney. "Although an individual may represent herself or himself pro se, a non-attorney may not represent other parties in federal court." Murray v. City of Philadelphia, 901 F.3d 169, 170 (3d Cir. 2018) (citation omitted). To the extent that Plaintiff is receiving legal assistance from a non-lawyer, the deficiencies identified above offer a good illustration of why there is a rule against non-lawyer representation.[1]

---

[1] "Drafting legal documents for a pro se litigant is often called 'ghostwriting'—a practice the federal courts almost universally condemn. Litigants may proceed pro se, but the right to

For these reasons, the Notice of Service (**Doc. 6**) is **STRICKEN**.  In a prior Order, the Court gave Plaintiff until October 30, 2023, to complete and return the forms required to have the U.S. Marshal serve Defendants.  Plaintiff decided instead to attempt to effectuate service on her own, and those efforts have proven ineffectual.  Thus, the Court will give Plaintiff one more chance.  Should Plaintiff wish for the U.S. Marshal to effectuate service, she must submit to the Clerk of Court:  a U.S. Marshal Form 285 for each Defendant; a notice and waiver of summons for each Defendant; and a copy of the Complaint for each Defendant.  Blank copies of the forms were supplied along with the Court Order dated October 16, 2023, and they will not be re-sent.  Plaintiff's deadline is reset for **November 22, 2023**, and the Court does not anticipate granting further extensions.

Finally, the Court issues two cautionary notes.  First, Plaintiff's failure to timely comply with the above procedures regarding Marshal service, or to timely, independently and effectively process service on her own, will result in a dismissal of this case for failure to prosecute.  Second, Plaintiff (and her presumed associate) are placed on express written notice that a non-lawyer may not represent another non-lawyer in federal court.[2]

---

undisclosed assistance in conducting their case is limited by ethical and procedural rules.  These limits exist whether the ghostwriter is a lawyer, a non-lawyer or someone with [limited] legal training."  Metron Nutraceuticals, LLC v. Cook, 550 F.Supp.3d 484, 486 (N.D. Ohio 2021) (citation to collected cases omitted).  Presently, there are insufficient indicia to conclude that Plaintiff's filings are being ghostwritten, but the Court will have a watchful eye.

[2]  As a practical matter, individuals – with or without a law license – have been known to "assist" pro se litigants, outside of the Court's knowledge (if not suspicion).  But when an assistant's participation rises to the surface of the docket, it should come as little surprise when the Court takes notice.  *Cf.* Compl. (Doc. 3) at pg. 9, indicating that the pleading was submitted "c/o A'Tara Tucker"; and discussion *supra*, regarding the summonses being marked returnable to the same.  With respect to even *informal* assistance (as opposed to "ghostwriting," discussed in the footnote above), a plaintiff should receive it with eyes open.  In signing a filing, an unrepresented party "certifies that[,] to the best of [her] knowledge, information, and belief, formed after a[ reasonable] inquiry," her assertions have valid legal grounds and are supported

IT IS SO ORDERED.

November 8, 2023                                              s/Cathy Bissoon
                                                              Cathy Bissoon
                                                              United States District Judge

cc (via First-Class U.S. Mail):

Barbara Gans
322 Mall Blvd #136
Monroeville, PA  15146

---

by evidence.  *See* Fed. R. Civ. P. 11(a)-(b).  The signing party is responsible for any deficiencies, not the person or persons assisting them.  If something goes wrong, unlicensed assistants cannot be charged with malpractice; they will not have insurance to cover the situation; and the unrepresented person cannot "point the finger" at the assistant as an excuse, or to seek relief from unfavorable court rulings.  Moreover, a non-lawyer assistant will not be permitted to appear on behalf of the plaintiff at court conferences, hearings or at trial.  In sum, any "assistance" that a non-lawyer may provide is quite limited, and it is the plaintiff (and her claims) whose "neck is on the line."